# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 5:17-cv-01867-JGB-KES                        Date: December 7, 2017

Title: JOSEPH BRIEN BUDDENBERG v. WARDEN SWAIN

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order to Petitioner to Show Cause Why Respondent's Motion to Dismiss Should Not Be Granted

Joseph Brien Buddenberg ("Petitioner"), a prisoner in federal custody, constructively filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) He argued that he had fewer than 180 days remaining on his sentence[1] and that Bureau of Prisons ("BOP") staff "abused their discretion by not providing [him] with [an] 'individualized re-entry plan' review" and "not attempting to place [him] in a residential re-entry center." (Id. at 4.)

The Court ordered Respondent to file a response to the Petition (Dkt. 3), and Respondent timely did so by filing a motion to dismiss on October 18, 2017 (Dkt. 6). Respondent argues that: (1) this Court lacks subject matter jurisdiction because Congress has specifically exempted BOP's placement decisions from judicial review; (2) this Court lacks jurisdiction because Petitioner was not confined in the Central District of California on the date he filed the Petition; and (3) Petitioner failed to exhaust his administrative remedies. (Id.)

On September 25, 2017, a court filing mailed to Petitioner at his address of record in Adelanto, CA came back undelivered. (Dkt. 5.) An inquiry on the Bureau of Prisoner's website and Respondent's motion to dismiss revealed that Petitioner had been transferred to a federal prison in Coleman, FL. (Dkt. 6 at 7.) The Court mailed a new copy of its Order Requiring Response to Petition to Petitioner's new address and extended his deadline to file an opposition to

---

[1] Respondent's motion to dismiss states that Petitioner's current projected release date is February 7, 2018, assuming he earns all remaining good conduct time. (Dkt. 6 at 7.)

Respondent's motion to dismiss to November 13, 2017. (Dkt. 8.) As of the date of this Order, the Court has not received any response from Petitioner.

IT IS THEREFORE ORDERED that, **on or before January 8, 2018**, Petitioner shall file a response to Respondent's motion to dismiss, either opposing it or conceding that this action should be dismissed. **If Petitioner fails to timely respond to this Order, this action may be dismissed for failure to prosecute.**

Initials of Deputy Clerk JD